UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANA S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:18-CV-01701-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her application for supplemental security income. The parties have consented to have this matter heard by the undersigned Magistrate Judge. For the reasons set forth below, the ALJ's decision is reversed and remanded for an award of benefits.

## I.    ISSUES FOR REVIEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ err in finding Plaintiff's mental health impairments non-severe at step two of the sequential evaluation?
3. Did the ALJ err in evaluating Plaintiff's subjective allegations?
4. Did the ALJ err in assessing Plaintiff's residual functional capacity ("RFC")?

## II. FACTUAL AND PROCEDURAL HISTORY

On July 9, 2015, Plaintiff filed an application for supplementary security income. AR 34, 334-39.[1] Plaintiff initially alleged a disability onset date of January 1, 2010, but later amended this to April 1, 2015. AR 34, 169. Plaintiff's application was denied upon administrative review and on reconsideration. AR 263-69, 274-80. A hearing was held before an Administrative Law Judge ("ALJ") on March 31, 2017. AR 164-217.

In a decision dated November 1, 2017, the ALJ found that Plaintiff was not disabled. AR 31-50. The Appeals Council denied Plaintiff's request for review on October 1, 2018. AR 1-7. On November 30, 2018, Plaintiff filed a complaint with this Court, seeking reversal and remand for an award of benefits; the parties have consented to the Magistrate Judge's jurisdiction. Dkt. 4, Dkt 12, p. 18.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the

---

[1] Plaintiff filed earlier applications for disability insurance benefits and supplementary security income in January 2012. AR 221. Plaintiff's applications were denied initially and upon reconsideration. *Id.* ALJ Joanne E. Dantonio issued an unfavorable decision on May 23, 2014. AR 218-37. Plaintiff opted not to appeal this decision, and instead filed a new application for supplemental security income. The ALJ in the present case found that the presumption of continuing non-disability was successfully rebutted by new evidence containing "marginal objective worsening of symptoms and/or new impairments previously not considered." AR 34.

decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 416.920. The ALJ assesses the claimant's RFC to determine, at step four, whether the Plaintiff can perform past relevant work, and if necessary, at step five to determine whether the Plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(e).

In this case, the ALJ found that Plaintiff had the following serious medical conditions: multilevel cervical degenerative changes with foraminal stenosis status post remote fusion of CS-7; multilevel degenerative disc disease of the lumbar spine with disc protrusions at L2-3 and L3-4; right shoulder mild arthritic changes of the acromioclavicular (AC) joint and rule-out suspicious anterior labral tear. AR 37. The ALJ found that Plaintiff could not perform her previous work, but determined there were light and sedentary jobs that Plaintiff would be able to perform; therefore the ALJ determined at step 5 that Plaintiff was not disabled. AR 48-49.

A. Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff alleges that the ALJ erred in evaluating the opinions of examining physicians Thomas Gritzka, M.D., Kirk Danielson, M.D., and Sarah Landrum, M.D. Dkt. 12, pp. 5-10.

In reviewing the opinion of an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)

(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

1. Dr. Gritzka

Dr. Gritzka, a board certified orthopedic surgeon, evaluated Plaintiff on September 7, 2016. AR 710-19. Based on his evaluation, Dr. Gritzka opined that Plaintiff would not be able work a full-time job, even a sedentary one, because of the limitations caused by her cervical and lumbar impairments. AR 718.

Dr. Gritzka assessed Plaintiff as being able to sit for about 30 minutes a time and for two hours in an eight-hour day, stand for between 20 and 30 minutes at a time, walk for two blocks before needing to rest, and stand and walk for two hours total in an eight-hour day. *Id.* Dr. Gritzka added that Plaintiff would need to lie down three to four times a day for at least 30 minutes, and would be limited in kneeling, bending, stooping, crouching, and crawling. *Id.* Dr. Gritzka assessed Plaintiff as "probably" being able to lift 10 pounds, having decreased energy and difficulty concentrating, and "on a more probable than not basis" needing to miss more than three days of work per month due to her impairments. AR 718-19.

The ALJ assigned "little weight" to Dr. Gritzka's opinion. AR 46. In discounting Dr. Gritzka's opinion, the ALJ reasoned that Dr. Gritzka: 1) only examined Plaintiff once, 2) was offering an opinion on matters outside the scope of his specialty as an orthopedist, 3) assessed limitations inconsistent with the longitudinal record, 4) relied principally on Plaintiff's self-reports, and 5) evaluated Plaintiff at the request of her attorney. *Id.*

The fact the Dr. Gritzka examined Plaintiff once is not, in and of itself, a specific, legitimate reason for discounting his opinion. An examining doctor, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See* 20 C.F.R. § 416.927. "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, No. CV13-05598-BJR, 2014 WL 3767410 at *6 (W.D. Wash. July 31, 2014). Therefore, the ALJ improperly rejected Dr. Gritzka's opinion on the basis that it was the product of a one-time examination.

As for the ALJ's second reason, the ALJ cited Dr. Gritzka's opinion that the Plaintiff was easily distracted, had difficulty concentrating, and experienced decreased energy that was expected to cause absences from work more than three days per month. AR 46, 718-19.

Even assuming these limitations were caused by Plaintiff's mental impairments, a physician does not have to be a specialist in mental health to provide a medical opinion regarding mental health limitations. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). Dr. Gritzka also stated that Plaintiff's decreased energy and difficulty concentrating were caused by her lumbar and cervical spine impairments. AR 718. The limitations caused by Plaintiff's spinal impairments are within the scope of Dr. Gritzka's specialty, and his background as an orthopedist enhances his opinion. *See* § 20 C.F.R. 416.927(c)(5).

With respect to the third reason stated by the ALJ, a medical opinion may be rejected when it is "conclusory, brief, and unsupported by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But the ALJ is required to provide detailed, reasoned, and legitimate rationales for disregarding a physician's findings; conclusory

reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).

Dr. Gritzka's opinion is neither conclusory nor brief. The ALJ found that Dr. Gritzka's opinion was inconsistent with the "longitudinal evidence of record" (AR 46) yet the only evidence cited by the ALJ was a treatment note from February 7, 2017 indicating that Plaintiff had a "significantly improved" range of cervical and lumbar motion upon testing. AR 46, 766. The ALJ's reliance on this single physical examination to discount Dr. Gritzka's opinion constitutes improper cherry-picking, and cannot serve as the basis for a finding that Dr. Gritzka's opinion is unsupported by the record as a whole. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

As for the fourth reason, an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is different from a case where the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

There is nothing in the ALJ's decision, or Dr. Gritzka's opinion, to suggest that Dr. Gritzka based his assessment largely on Plaintiff's self-reports. Dr. Gritzka's evaluation consisted of a clinical interview, a detailed review of the medical evidence, and a physical examination. AR 710-19.

With respect to the ALJ's fifth reason, Defendant concedes that the fact that Plaintiff was referred to Dr. Gritzka by her attorney, and that Dr. Gritzka was paid for his opinion, do not constitute specific, legitimate reasons for discounting his opinion. Dkt. 13, p. 5.

    2. Dr. Danielson and Dr. Landrum

Because this case be resolved without considering the ALJ's assessment of Dr. Danielson and Dr. Landrum's opinions, the Court declines to address this issue.

B. Step Two Evaluation

Because this case be resolved without considering the ALJ's assessment of Step Two, the Court declines to address this issue.

C. Subjective Allegations

Because this case be resolved without considering the ALJ's assessment of this evidence, the Court declines to address this issue.

D. RFC Evaluation

Plaintiff argues that the ALJ erred in evaluating Plaintiff's residual functional capacity. Dkt. 12, p. 17. Crediting Dr. Gritzka's opinion as true, Plaintiff's RFC would have included more severe functional limitations, for example -- the inability to perform even sedentary work and more than three work absences per month. AR 718-19. An RFC finding that plaintiff has no ability to perform even sedentary work would result in a determination that Plaintiff is disabled. Additionally, the vocational expert ("VE") testified that missing two or more days of work per month would eliminate all competitive jobs. AR 213. The VE also testified that the need to take unscheduled breaks would eliminate competitive employment. AR 214. Dr. Gritzka's opinion that Plaintiff would need to lie down three to four times a day for 30 minutes at a time would also preclude the possibility of employment. AR 718.

E. Whether this case should be remanded for an award of benefits

Plaintiff asks the Court to remand this case for an award of benefits. Dkt. 12, p. 18.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 880 F.3d at 1045. If the Court's review of the record shows there is a serious doubt whether the plaintiff is disabled, then a remand for further proceedings would be warranted. *Id.*

Here the ALJ erred in evaluating the opinion of Dr. Gritzka. Crediting Dr. Gritzka's opinion as true, there would be no jobs Plaintiff could perform at step five of the sequential evaluation. Accordingly, further proceedings would not serve a useful purpose. Remand for an award of benefits is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she determined Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for an award of benefits. The Court reverses the decision of the ALJ and remands this case to the Commissioner for an award of benefits.

Dated this 3rd day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge